UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JAMES B. ROLLINS**                                                                                                    **PLAINTIFF**

**v.**                                                                                  **CIVIL ACTION NO. 5:25-CV-P115-JHM**

**AMY JONES et al.**                                                                                                **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

  Plaintiff James B. Rollins, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

**I. STATEMENT OF CLAIMS**

  Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), sues KSP Records Supervisor Amy Jones, KSP Records Specialist Candy Dickerson, KSP Warden Laura Plappert, KSP Deputy Warden, and Kentucky Department of Corrections Offender (KDOC) Specialist L. Gillis in their official and individual capacities. He alleges that "records personnel is refusing to subtract" a credit of 60 days from his Mandatory Release Sentence (MRS) in an attempt to keep him past his anticipated MRS. According to Plaintiff, this is a violation of his Eighth Amendment right to be free from cruel and unusual punishment. He claims that the records department has provided him four different dates of his MRS, all of which are incorrect.

  Plaintiff requests $10,000. "job dismissal for doing purposely," and relief "for being incarcerated past MRS date."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff alleges that his Eighth Amendment right to be free from cruel and usual punishment was violated by records personnel who refused to deduct 60 days from his MRS in an attempt to keep him in prison longer than his anticipated MRS.

The Eighth Amendment of the Constitution prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. This prohibition protects

prisoners from the "'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To state a claim under the Eighth Amendment, a prisoner must allege that he has been denied the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337 (1981); *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

Plaintiff's allegation that his mandatory release date has not been calculated correctly in no way meets this standard. Thus, the Court will dismiss Plaintiff's Eighth Amendment claim for failure to state a claim upon which relief may be granted. *See, e.g.*, *Walker v. Mazza*, No. 4:21-CV-P42-JHM, 2021 WL 1823113, at *3 (W.D. Ky. May 6, 2021) (finding that prisoner-plaintiff's claim that he was not allowed to appeal his prison disciplinary action in which he lost 36 days good-time credit did not come under the Eighth Amendment's right to be free from cruel and unusual punishment); *Grinage v. Hofbauer*, No. 1:07-CV-41, 2007 WL 1341776, at *2 (W.D. Mich. May 4, 2007) (holding that a plaintiff failed to state a claim under the Eighth Amendment because "there is no case law which has held the denial of parole or good time credits rises to cruel and unusual punishment, nor can this Court find that a prisoner made to serve his maximum sentence would be subject to 'cruel or unusual' punishment").

Furthermore, to the extent that Plaintiff may be challenging his continued incarceration in excess of the MRS date, the Court notes that his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: December 23, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.009

4